IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LISA ANN BARFIELD, *Plaintiff*, VS. DEPUTY OSBEY, et al, *Defendants*. | § § § § § § § § § § § § § CIVIL ACTION NO. 4:24-cv-2581 |

## ORDER

Pending before the Court are six motions to dismiss Plaintiff Lisa Barfield's ("Plaintiff") Original Complaint, (Doc. No. 1), filed by Defendants Deputy Orin Osbey ("Osbey"), (Doc. No. 3), Harris County Sheriff's Office ("HCSO"), (Doc. No. 5), Harris County Sheriff Ed Gonzalez ("Gonzalez"), (Doc. No. 7), Harris County, (Doc. No. 8), and the Harris County District Attorney's Office ("HCDAO"), (Doc. No. 9) (collectively, "Defendants"). Plaintiff filed several responses, (Doc. Nos. 19; 20; 21), and various Defendants replied. (Doc. Nos. 23; 24; 25). The Court finds that Plaintiff Barfield's excessive force, false imprisonment, and false arrest claims are barred by the statute of limitations and are therefore **DISMISSED** with prejudice. (Doc. Nos. 5; 7; 8; 9). The Court also **DISMISSES** Plaintiff's malicious prosecution claim without prejudice. (Doc. No. 1).

### I. Background

Plaintiff Lisa Barfield alleges that Defendant Harris County Deputy Sheriff Orin Osbey violated her Fourth and Fourteenth Amendment rights during an altercation and arrest on June 9, 2022. Plaintiff alleges that a man performing landscaping services for her, Vincent Garcia, did not complete the work they had agreed upon and, therefore, she refused to pay the full amount. (Doc. No. 1 at 4). While Plaintiff's handwritten Complaint is at times hard to read, she seems to allege

that Garcia called the police and had Plaintiff arrested for "theft of service." (*Id.*). When Deputy Osbey arrived, according to Plaintiff, he handcuffed her so tightly that her wrists were bleeding, he slammed her into the back of his car, and he refused to uncuff her when she was placed in a jail cell. (*Id.*). At some point, Plaintiff was released and the charges against her were dropped. Following her release, however, Plaintiff alleges that Deputy Osbey followed up with the alleged victim, Garcia, to "create a crime." (*Id.* at 3).

On June 17, 2024, Plaintiff filed this suit alleging several claims. While Plaintiff listed seven defendants, she only alleges claims against two. First, she claims that Deputy Osbey violated her Fourth and Fourteenth Amendment rights through excessive force, false arrest, and false imprisonment, which caused Plaintiff to suffer serious mental and physical injuries. (Doc. No. 1 at 3–4). Second, she alleges that the charges filed by the Harris County District Attorney's Office constituted malicious prosecution. (*Id.* at 4). Plaintiff then sought $5,000,00.00 in "unliquidated damages" and another $5,000,000 in punitive damages. (*Id.* at 5).

Five defendants filed motions to dismiss on various grounds. Consistent across the motions, however, was the argument that Plaintiff's claims are barred by the statute of limitations because Plaintiff did not file her suit until over two years after the arrest. *See* (Doc. No. 9 at 7); (Doc. No. 8 at 5–6); (Doc. No. 7 at 8); (Doc. No. 3 at 3). Plaintiff alleges that the unconstitutional arrest occurred on June 9, 2022, but her suit was not filed until June 17, 2024. (Doc. No. 1 at 3). In response, Plaintiff argues that her suit is not barred because she did not learn the extent of the violation until June 24, 2022 when Deputy Osbey contacted Mr. Garcia and "violated her First Amendment rights." (Doc. No. 19 at 6). In her other responses, and without citing any support for the proposition, Plaintiff claims that the statute of limitations for § 1983 claims is actually four years, so her suit is timely. (Doc. No. 20 at 5); (Doc. No. 21 at 5).

2

## II.  Legal Standard

A defendant, may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 609 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III.  Analysis

### A.  Section 1983 Claims

As there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983, a federal court borrows the forum state's general personal injury limitations period.

3

*Owens v. Okure*, 488 U.S. 235, 249–50 (1989); *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). In Texas, the applicable limitations period is two years. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *see also Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018) (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256–57 (5th Cir. 1993)).

While Texas law defines the statute of limitations, however, federal law determines when a § 1983 claim accrues. *Moore v. McDonald*, 30 F.3d 616, 620–21 (5th Cir. 1994). The Fifth Circuit in general holds that a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brockman v. Texas Department of Criminal Justice*, 397 F. App'x. 18, 22 (5th Cir. 2010) (per curiam).

It is undisputed, and Plaintiff pleaded as much, that Plaintiff became aware of the injury that serves as the basis for this suit on the day of her allegedly wrongful arrest—June 9, 2022. (Doc. No. 1 at 3). Thus, Plaintiff's Fourth and Fourteenth Amendment claims would have accrued on June 9, 2022, and the limitations period would have run on June 9, 2024, eight days before she filed this suit.

Plaintiff argues that she did not discover the conduct that violated her First Amendment rights until June 25, 2022, which would render her suit timely. (Doc. No. 19 at 3). Reading Plaintiff's Complaint in the most favorable manner, the Court can find no basis to conclude that she alleged, or intended to allege, any First Amendment violation. At no point in the Complaint does she mention the First Amendment, describe any First Amendment right, or allege facts that would lead the Court to think the First Amendment was implicated.

As such, the Court cannot find that any conduct that Plaintiff discovered on June 25, 2022, served as "the basis of the action" as required for a claim to accrue. *Brockman*, 397 F. App'x at

4

22. Plaintiff's Fourth and Fourteenth Amendment claims are therefore time barred and **DISMISSED** against all Defendants.

### B. Malicious Prosecution

While Plaintiff's Malicious Prosecution allegations are sparse, they seem to be based on the charges she alleges were brought and then dropped. (Doc. No. 1 at 3).[1] The actual date the charges were dropped are not clear on the face of the Complaint, but the Court presumes that it was, at the latest, June 25, 2022. (Doc. No. 1 at 3). The Complaint is also not entirely clear about whether Plaintiff pleads this malicious prosecution claim under Texas law or under § 1983. Regardless, Plaintiff's claim would also be barred by the relevant statute of limitations.

Under Texas law, a claim for malicious prosecution has a one-year statute of limitations period. TEX. CIV. PRAC. & REM. CODE § 16.002(a) ("A person must bring suit for malicious prosecution, libel, slander, or breach of promise of marriage not later than one year after the day the cause of action accrues."). As such, regardless of the specific date that Plaintiff's charges were dropped in June of 2022, her claim would have been barred after June 2023.

A federal malicious prosecution claim, however, would be a different story. The United States Supreme Court officially elucidated the elements of a malicious prosecution claim under § 1983 in 2022. *Thompson v. Clark*, 596 U.S. 36, 44 (2022).[2] For a valid malicious prosecution claim, the Court required "(i) the suit or proceeding was 'instituted without any probable cause';

---

[1] Plaintiff's allegations also seem to refer to malicious prosecution synonymously with her "false arrest" and "false imprisonment" allegations that she makes under the Fourth and Fourteenth Amendment. Nevertheless, the Court will presume that Plaintiff intended to plead it as a separate claim for limitations purposes.

[2] The various motions to dismiss all claim that Plaintiff cannot bring a federal claim for malicious prosecution because it was "not recognized until 2023." *See, e.g.*, (Doc. No. 9 at 8). That is incorrect. The United States Supreme Court discussed the elements for a malicious prosecution in *Thompson v. Clark*, 596 U.S. 36 (2022), which was published on April 4, 2022—over three months before Plaintiff's alleged arrest.

(ii) the 'motive in instituting' the suit 'was malicious,' which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution" terminated in favor of the accused. *Armstrong v. Ashley*, 60 F.4th 262, 278 (5th Cir. 2023). Of greatest import for this case is the fact that federal malicious prosecution claims fall under § 1983 suits based on Fourth Amendment violations. *Thompson*, 596 U.S. at 42. Thus, if Plaintiff's malicious prosecution claim is most fairly construed as an additional Fourth Amendment claim under § 1983, the two-year statute of limitations would apply, and Plaintiff's claim would be timely.

The Court, therefore, must analyze Plaintiff's malicious prosecution claim on the merits under a Rule 12(b)(6) standard. While the *Thompson* Court recognized malicious prosecution as a federal cause of action, the "Supreme Court did not, however, lay out a comprehensive list of the elements for a Fourth Amendment malicious prosecution claim, and largely left the question of elements to the lower courts. *Armstrong*, 60 F.4th at 278. "Nonetheless, two elements are required under *Thompson*. The first is that "[b]ecause a [malicious prosecution] claim is housed in the Fourth Amendment, the plaintiff also has to prove that the malicious prosecution resulted in a seizure of the plaintiff." *Id.*; *see also Jones v. York*, 34 F.4th 550, 564 n.8 (7th Cir. 2022). The second element is that "the traditional favorable termination element of a common law malicious prosecution claim does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence." *Armstrong*, 60 F.4th at 278–79 (citing *Thompson*, 596 U.S. at 49).

While Plaintiff certainly uses the term "malicious prosecution" in her Complaint, her factual allegations are insufficient to articulate a malicious prosecution claim under § 1983. Plaintiff's allegations are entirely directed toward Defendant Osbey's conduct. For example,

Plaintiff alleges that Osbey called various assistant district attorneys because he was "shopping" for someone to accept the case. (Doc. No. 1 at 3). The only allegation toward any prosecutor is merely that they "accepted" the charged and that the charges were dropped. (*Id.*). Plaintiff fails to provide even conclusory allegations that the prosecutor who accepted her charges did so with a "malicious . . . motive." *See Armstrong*, 60 F.4th at 278. Giving Plaintiff's Complaint in the most deferential construction possible, the Court finds that Plaintiff has not sufficiently pleaded a claim for malicious prosecution under § 1983. As such, Plaintiff's malicious prosecution claim is **DISMISSED** without prejudice. (Doc. No. 1).

### IV. Conclusion

Upon consideration of the pleadings and arguments of the parties, the Court **GRANTS** the motions to dismiss. (Doc. Nos. 5; 7; 8; 9). The Court finds that Plaintiff Barfield's excessive force, false arrest, and false imprisonment claims under § 1983 are barred by the statute of limitations and are, therefore, **DISMISSED** with prejudice. (Doc. No. 1). In addition, Plaintiff failed to sufficiently allege a Fourth Amendment malicious prosecution claim under § 1983. That claim is therefore **DISMISSED** without prejudice.

Signed this 13th day of March, 2025.

Andrew S. Hanen
United States District Judge